635 A.2d 230

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,

v.

Charles Edward HARDY.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,

v.

Thomas Vincent LANCOS.

Commonwealth Court of Pennsylvania.

Argued March 5, 1993.

Decided Dec. 7, 1993.

Reargument Denied Feb. 11, 1994.

428

Harold H. Cramer, Asst. Chief Counsel, for appellant.

Charles F. Bowers, III, for appellees.

Before SMITH and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals two orders of the Court of Common Pleas of Beaver County. The first order sustained an appeal of Charles Hardy; the other order sustained an appeal of Thomas Lancos. We ordered that DOT's appeals be consolidated and now affirm.

On May 23, 1990, Hardy was arrested and charged with one count of possession of cocaine in violation of section 13(a)(16) of The Controlled Substance, Drug, Device and Cosmetic Act (the Drug Act), Act of April 14, 1972, P.L. 233, as amended, 35 P.S. § 780–113(a)(16); he was also charged with one count of delivering cocaine in violation of the Drug Act's section 13(a)(30), 35 P.S. § 780–113(a)(30). On March 12, 1991, before those criminal charges were resolved, Hardy was arrested again and charged with one count of possession of cocaine. On January 2, 1992, Hardy pled guilty to all three counts at a single proceeding.

On February 20, 1992, DOT notified Hardy that his driving privileges were scheduled to be suspended for two consecutive 90 day periods pursuant to section 13(m) of the Drug Act as a result of his convictions based upon the May 23, 1990 incident. On March 10, 1992, DOT notified Hardy that his driving privileges were being suspended for an additional one year period as a result of his conviction based upon the March 12, 1991 incident. Hardy filed a single statutory appeal of these suspensions to the Court of Common Pleas of Beaver County.[1] After a hearing, the trial court sustained Hardy's appeal to the extent that the court directed DOT to remove

1. DOT did not challenge the validity of this single statutory appeal from two separate notices. In *Department of Transportation, Bureau of Driver Licensing v. Slack*, 153 Pa.Commonwealth Ct. 4, 623 A.2d 364 (1992), *overruled on other grounds, Department of Transportation v. Buss*, 154 Pa.Commonwealth Ct. 118, 122 n. 3, 623 A.2d 369, 371 n. 3 (1993), we stated in dicta that the use of a single statutory appeal from separate notices suspending the registrations of *different automobiles* was improper. In this case, we believe a single statutory appeal was proper because (1) all the criminal convictions were obtained at a single proceeding and (2) Hardy's *sole and individual* operator's privileges were being suspended.

one of Hardy's 90 day suspensions. DOT now appeals this portion of the order to this Court.[2]

In a similar set of facts, Lancos was arrested and charged with possession of cocaine, possession of cocaine with intent to deliver and delivery of cocaine on January 16, 1991. Three days later, on January 19, 1991, he was arrested again and charged with possession of cocaine with intent to deliver. Lancos pled guilty to all four counts at a single proceeding on January 23, 1992.

On April 22, 1992, DOT, in four separate letters, notified Lancos that his driving privileges were being suspended for ninety days based upon the conviction resulting from the January 19, 1991 incident that his license was being suspended for a period of ninety days, a period of one year and a period of two years, respectively, based upon the convictions resulting from the January 16, 1991 incident. Lancos filed a single statutory appeal from these suspensions [3] and after a hearing, the trial court entered an order directing DOT to impose only a 90 day and a one year suspension of Lancos' operating privileges. DOT now appeals to this Court.

DOT argues that its suspensions of both Hardy's and Lancos' operating privileges were proper based upon section 13(m) of the Drug Act, 35 P.S. § 780–113(m).[4] That section provides:

Notwithstanding any other provision in this act, any person, not a registrant, who possesses, sells, delivers, offers for sale, holds for sale or gives away any controlled substance, in addition to any other penalty provided in this or any act, upon *conviction* for a violation of this act, shall have his or her operating privilege suspended. The clerk of

2. Our scope of review is limited to determining if the common pleas court committed an error of law or abused its discretion and ascertaining if all necessary findings of fact are supported by competent evidence. *Commonwealth v. Danforth*, 530 Pa. 327, 608 A.2d 1044 (1992).

3. While DOT mentions our decision in *Slack, see* footnote 1 of this opinion, it does not argue that the trial court erred in considering all of the appeals on a single appeal to the trial court.

4. Subsection (m) was added by the Act of December 22, 1989, P.L. 701, *as amended.*

any court of this Commonwealth, within ten days *after final judgment of conviction for violations of this act* requiring suspension under this section, shall send to the Department of Transportation a record of the conviction on a form provided by the Department of Transportation. When the Department of Transportation suspends the operating privilege of a person under this subsection, the duration of the suspension shall be as follows:

(a) For a first *offense,* a period of 90 days from the date of suspension.[5]

(b) For a second *offense,* a period of one year from the date of suspension.

(c) For a third *offense,* and any offense thereafter, a period of two years from the date of suspension. Any multiple suspensions imposed shall be served consecutively.

35 P.S. § 780–113(m) (emphasis added).[6]

■ DOT now makes essentially the same arguments it made in *Department of Transportation, Bureau of Driver Licensing v. Perruso,* 160 Pa.Commonwealth Ct. 49, 634 A.2d 692 (1993). In that case, we held that where a licensee has no prior convictions under the Drug Act and two convictions result from a single criminal episode, those convictions constitute only a "first offense" under section 13(m).[7] Just as we

---

5. Section 13(m) was subsequently amended by the Act of April 16, 1992, P.L. 165, to extend the period of suspension for a first offense from 90 days to six months.

6. By section 11 of the Act of July 2, 1993, P.L. ——, No. 1993–58 (Act 58), the legislature repealed section 13(m) of the Drug Act, effective sixty days from July 2, 1993. Section 12 of Act 58 provides that "the repeal of the provisions of section 13(m) [of the Drug Act] by the act shall not affect any act done, liability incurred or right accrued or vested or affect any suit or prosecution pending or be instituted to enforce any right or penalty or to punish any offense under the authority of any statute repealed by this act." Section 4 of Act 58 amends 75 Pa.C.S. § 1532 by adding subsection (c) which contains provisions similar to the repealed provisions of section 13(m); those provisions become effective at the same time as the repeal of section 13(m).

7. We must note that DOT's interpretation of section 13(m) in these two cases allows for *multiple first offenses.* We believe that term is an oxymoron.

rejected DOT's arguments in *Perruso*, we reject them here based upon the reasoning set forth in *Perruso*.

DOT also argues that Hardy and Lancos are attempting to collaterally attack their convictions. We reject this argument. In holdings too numerous to cite, we have firmly established that a licensee may not use a civil license suspension appeal to attack the validity of the underlying conviction. However, Hardy and Lancos are not attacking their criminal convictions, i.e., they are not arguing that they *should not have been convicted.* Rather, they were attacking the *effect* those convictions have under the suspension provisions of section 13(m). As DOT's assertions of error are without merit, we affirm the orders of the common pleas court in these two cases.[8]

## ORDER

AND NOW, this 7th day of December, 1993, the August 24, 1992 order of the Court of Common Pleas of Beaver County at No. 405 of 1992 is affirmed.

## ORDER

AND NOW, this 7th day of December, 1993, the September 8, 1992 order of the Court of Common Pleas of Beaver County at No. 799 of 1992 is affirmed.

---

**8.** In *Perruso*, we relied upon the Superior Court's holding in *Commonwealth v. Tobin*, 411 Pa.Superior Ct. 460, 601 A.2d 1258 (1992) where the court held that a recidivist statute could not be applied where the individual committed crimes on different dates yet was convicted of all crimes at the same proceeding. The trial court in the present case obviously viewed the convictions resulting from the different incidents as different offenses for purposes of section 13(m). Hardy and Lancos could have argued that because they were convicted for the first time at a single proceeding, only one ninety day suspension could be imposed. They did not appeal, however, from the trial court's orders and were willing to accept the sanctions ultimately allowed by that court.