650 A.2d 1141

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant

v.

Todd KORENICH, Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 3, 1994.

Decided Nov. 15, 1994.

364

William A. Kuhar, Jr., Asst. Counsel–Appellate Section and Timothy P. Wile, Asst. Counsel In–Charge Appellate Section, for appellant.

No appearance for appellee.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Allegheny County which

modified the period of revocation of the operating privileges of Todd Korenich.

The facts are undisputed. On November 10, 1987, Korenich pled guilty to a multi-count information arising out of two unrelated incidents or episodes which occurred on June 16, 1987, and July 9, 1987. On each occasion Korenich was arrested for, among other things, possessing a stolen vehicle. In his brief to the trial court, Korenich admitted that on June 16, 1987, he was in possession of a 1984 Chevrolet Camaro, which was subsequently determined to be stolen, and that he had fraudulently altered the vehicle identification numbers and the owner's registration. Similarly, on July 9, 1987, he was in possession of a Chevrolet Camaro Z28, which was also determined to be stolen and to have fraudulently altered identification numbers and owner's registration. As a result of his guilty plea, he was convicted of four violations of the Vehicle Code [1] and four violations of the Crimes Code.[2] On November 10, 1987, he was sentenced for all of the convictions to seven years probation and ordered to pay $9000 in restitution.

During the period of May 1988 through August 1988, the Department of Transportation issued eight notices of revocation on eight different dates. Each of the revocation notices were predicated on Korenich's November 1987 convictions, and revoked his operating privileges for a total of seventeen years pursuant to Sections 1532 and 1542 of the Vehicle Code (VC or Vehicle Code), 75 Pa.C.S. §§ 1532 and 1542.

---

1. Specifically, Korenich violated the following provisions of the Vehicle Code:

 Two counts of violating Section 7103(b), 75 Pa.C.S. § 7103(b) (dealing in vehicles with removed or falsified identification numbers);
 One count of violating Section 7102(b), 75 Pa.C.S. § 7102(b) (removal or falsification of identification numbers);
 One count of violating Section 7111, 75 Pa.C.S. § 7111 (dealing in titles and plates for stolen vehicles).

2. The relevant sections of the Crimes Code to which Korenich pled guilty are Section 3925, 18 Pa.C.S. § 3925 (receiving stolen property), and Section 3921, 18 Pa.C.S. § 3921 (theft).

■ Korenich appealed all of the revocations to the trial court in four statutory appeals.[3] The trial court consolidated the appeals, and, in four orders entered on August 15, 1990, vacated or modified seven of the eight revocations. Korenich did not appeal any of these orders. DOT appeals one order of the trial court which decided four revocations encompassed within four notices of revocation mailed between August 1, 1989, and August 10, 1989.[4] In these four notices DOT revoked Korenich's operating privileges for eight years. The trial court vacated two of the revocations and modified two of the revocations, which reduced Korenich's revocation period from eight years to six years.[5]

All of the issues on appeal are derived from the last DOT notice of revocation dated August 10, 1988.[6] That notice,

---

**3.** Where all of the licensee's criminal convictions were obtained at a single proceeding and the licensee's sole and individual operating privilege is suspended or revoked, a licensee may file a single statutory appeal from multiple notices of revocation or suspension. *Hettich v. Department of Transportation, Bureau of Driver Licensing,* 166 Pa.Commonwealth Ct. 71, 646 A.2d 34 (1994); *Department of Transportation, Bureau of Driver Licensing v. Perruso,* 160 Pa.Commonwealth Ct. 49, 634 A.2d 692 (1993).

**4.** DOT also appealed a second order of the common pleas court dated August 15, 1990, but that appeal has been withdrawn.

**5.** Overall, Korenich had his revocation time reduced from seventeen years to six years.

**6.** The trial court disposed of three other notices of revocation in the same order, in the following manner.

The court vacated the August 1, 1988 notice of revocation which was predicated on Korenich's conviction for violating Section 3921(a) of the Crimes Code (theft of movable property) because (1) Section 3921 is a misdemeanor and (2) a court did not determine that a vehicle was essentially involved, hence there was no basis for the revocation pursuant to either Section 1532 or Section 1542 of the Vehicle Code. Section 1532(a)(1) of the Vehicle Code; Section 1542(b)(5) of the Vehicle Code.

The August 5, 1988 revocation was predicated on Korenich's conviction of Section 7102(b) of the Vehicle Code, and revoked his operating privileges as a habitual offender. Since the trial court had vacated the revocations in other orders, Korenich had not committed the requisite number of offenses. However, the trial court found that Korenich was subject to a one year suspension pursuant to Section 1532(a) of the Vehicle Code.

The August 8, 1988 revocation was based on Korenich's conviction of violating Section 7111 of the Vehicle Code. Based on the trial court's

which revoked Korenich's license for two years pursuant to VC Section 1542(e), was based on Korenich's conviction of violating VC Section 7103(b) (dealing in vehicles with falsified identification numbers) on June 16, 1987. The trial court had previously held that Korenich was a habitual offender as defined by Section 1542(b) of the Vehicle Code, since he had been convicted of three other offenses arising from separate acts within five years, including a conviction for another violation of VC Section 7103(b). (*See* note 5, *supra.*) The conviction at issue in DOT's August 10, 1988 notice was Korenich's fourth conviction in five years, and a licensee who has had four convictions (as enumerated in Section 1542 of the Vehicle Code, arising from separate acts) is assessed an additional two-year revocation pursuant to Section 1542(e). In disposing of the August 10, 1988 notice, the trial court concluded that Korenich's conviction of VC Sections 7102(b) and 7103(b) during the same June 16, 1987 episode, were not "separate acts" within the meaning of VC Section 1542:

> [A] review of the records of the criminal case ... indicates that Appellant *committed but a single act* which led to his pleading guilty to Sections 7102(b) and 7103(b) of the Vehicle Code; i.e., he removed or falsified an identification number of a vehicle (§ 7102(b)), and he had in his possession the same vehicle, knowing that the identification number had been removed or falsified (§ 7103(b)).

(Trial court opinion at 3–4.) (Emphasis added.) Accordingly, the trial court held that DOT's assessment of a two-year

previous disposition of the various revocation notices, it found that the violation constituted Korenich's third conviction within a five year period for separate and distinct offenses enumerated in Section 1542(b) and therefore he was subject to a five year revocation as a habitual offender. This conclusion was based on the following violations:

1. Violation of Section 7103(b) of the Vehicle Code committed on July 9, 1987 (May 13, 1988 Notice of Revocation affirmed by the trial court and not appealed).

2. Violation of Section 7102(b) of the Vehicle Code committed on June 16, 1987 (August 5, 1988 Notice of Revocation, modified by the trial court in its August 15, 1990 order).

3. Violation of Section 7111 of the Vehicle Code committed on June 16, 1987 (August 8, 1988 Notice of Revocation).

revocation pursuant to Section 1542(e) for a fourth conviction was improper and vacated the August 10 notice.

On appeal DOT argues that the trial court erred in failing to impose a two-year revocation under Section 1542(e) as a matter of law. In the alternative DOT argues that even if the two convictions do "merge" for the purposes of Section 1542, Korenich is subject at least to an additional one-year revocation pursuant to VC Section 1532(a).

█ DOT first argues that Korenich's operating privileges should be revoked for two years under VC Section 1542(e) for his conviction of VC Section 7103. Section 1542 provides, in relevant part:

(a) General rule.—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A "habitual offender" shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

(b) Offenses enumerated.—Three convictions *arising from separate acts* of any one or more of the following offenses committed either singularly or in combination by any person shall result in such person being designated as a habitual offender:

(1) Any offense set forth in section 1532 (relating to revocation or suspension of operating privilege).

. . . .

(e) Additional offenses.—**Any additional offense committed within a period of five years shall result in a revocation for an additional period of two years.**

75 Pa.C.S. § 1542 (emphasis added).

This Court reviewed Section 1542 in *Ross v. Department of Transportation, Bureau of Driver Licensing,* 125 Pa.Commonwealth Ct. 256, 557 A.2d 62, *petition for allowance of appeal denied,* 524 Pa. 623, 571 A.2d 385 (1989). We defined

the phrase "separate acts" within the meaning of Section 1542 thus:

> Basically, this means that although all three [Vehicle] Code violations may be committed in combination in the course of one general factual episode, the driver must also have done three completely different improper things which led to those Code violations in order to be considered a habitual offender.

*Id.* at 258–59, 557 A.2d at 63. The Supreme Court's holding in *Frontini v. Department of Transportation,* 527 Pa. 448, 593 A.2d 410 (1991), is also on point. In that case, the licensee struck another vehicle, killing three of its occupants. He subsequently pled guilty to, among other things, driving under the influence and *three* counts of homicide by motor vehicle. DOT imposed a one-year revocation for DUI pursuant to Section 1532, a second year under Section 1532 for one homicide, a five-year revocation based on the licensee's designation as a habitual offender under Section 1542(b) for the second homicide, and an additional two-year revocation for the third homicide under Section 1542(e). Reversing this Court, the Supreme Court held that:

> as the three convictions arose from a single act, they cannot be counted as separate offenses for the purpose of imposing penalties under the habitual offender statute.

*Id.,* 527 Pa. at 449, 593 A.2d at 411.

■ Thus, in order to determine whether the licensee has done "completely different improper things," it is necessary to examine the nature of the offenses which give rise to a particular licensee's designation as a habitual offender. This analysis has been described by this Court in *Department of Transportation, Bureau of Driver Licensing v. Maddesi,* 138 Pa.Commonwealth Ct. 467, 588 A.2d 580 (1991):

> [S]eparate and distinct offenses are not merged into a single act merely because a licensee's conduct occurred during one continuous episode. Nor do the acts coalesce merely because the citations read that they occurred at the same time. In sum, we concluded that the test to be applied is

whether each violation requires proof of a fact which the other does not. In other words, ... separate assignment of [penalties] for multiple violations arising from the same act [is prohibited] only where proof of one violation also proves another violation.

*Id.* at 473, 588 A.2d at 583 (citations omitted).[7]

DOT argues that, in the abstract, the elements of Section 7102 of the Vehicle Code (dealing in vehicles with falsified identification numbers) require proof of different facts than are required under Section 7103 (falsification of identification numbers) and therefore Korenich's violations, as a matter of law, arose from separate acts. DOT misconstrues the *Maddesi* test. It is not enough to simply analyze the elements of an offense without consideration of the factual proof which underlies each element.

 Section 7102 of the Vehicle Code requires the Commonwealth to prove three elements: (1) that a person willfully; (2) removes or falsifies the vehicle identification numbers on the vehicle or its various parts; (3) with intent to conceal or misrepresent the identity of a vehicle. 75 Pa.C.S. § 7102. Conversely, Section 7103 of the Vehicle Code punishes a person who (1) buys, receives, possesses, sells or disposes of a vehicle or its parts, (2) with knowledge that the identification numbers have been removed or falsified, (3) with intent to conceal or misrepresent the identity of a vehicle. 75 Pa.C.S. § 7103. After reviewing the criminal record, the trial court, in its August 15, 1990 order, found as fact that "it is clear that the *identical facts* underlying Appellant's conviction under Section 7102(b) ... also underlay his conviction under Section 7103(b)...." (Emphasis added.) Thus, Korenich's conviction under Section 7102 did not turn on the proof of a fact which was not the basis of his conviction under Section 7103, *i.e.*, Korenich knew that the vehicle identification number had been removed or falsified because he had removed the number

7. This analysis was in the context of Section 1535(b) of the Vehicle Code, 75 Pa.C.S. § 1535(b) (relating to the assignment of points for multiple offenses from the same act). However, the rationale applies equally to Section 1542. *See Ross.*

himself. Since the facts of the case are not at issue in this appeal, the trial court's finding was absolutely correct; the two offenses committed by Korenich did not arise from separate acts and therefore a penalty pursuant to Section 1542(e) of the Vehicle Code is not appropriate.

■ In the alternative, DOT argues that the trial court should have imposed a one-year revocation for Korenich's conviction of VC Section 7103 pursuant to VC Section 1532(a)(3). Section 1532 provides, in relevant part, that:

> The department shall revoke the operating privilege of any driver for one year upon receiving a certified record of the driver's *conviction* of or an adjudication of delinquency based on any of the following offenses:
>
> . . . .
>
> (3) Any violation of the following provisions:
>
> Section 3732 (relating to homicide by vehicle).
>
> Section 3742 (relating to accidents involving death or personal injury).
>
> Section 7102(b) (relating to removal or falsification of identification number).
>
> Section 7103(b) (relating to dealing in vehicles with removed or falsified numbers).
>
> Section 7111 (relating to dealing in titles and plates for stolen vehicles). . . .

75 Pa.C.S. § 1532(a) (emphasis added). Unlike Section 1542, Section 1532 does not require that each conviction arise out of a "separate act." Therefore, imposition of a one-year revocation for Korenich's violation of VC Section 7103 on June 16, 1987, is proper.

■ Accordingly, we will modify the trial court's order to reflect an additional one-year revocation pursuant to VC Section 1532(a), thereby increasing the period of revocation from six years to seven years.[8] In all other respects, the order of the trial court is affirmed.

8. This Court is vested with the authority to modify a penalty imposed by DOT where the trial court has made findings of fact or conclusions of

## *ORDER*

NOW, November 15, 1994, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is revoking the operating privileges of Todd Korenich for six years modified to reflect an additional one-year revocation of Korenich's drivers license. The order is affirmed in all other respects.

law different from those made by DOT. *Department of Transportation, Bureau of Traffic Safety v. Antram,* 48 Pa.Commonwealth Ct. 135, 409 A.2d 492 (1979); *see also* Section 706 of the Judicial Code, 42 Pa.C.S. § 706.