**Robert GREGG**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 5, 2004.

Decided June 8, 2004.

Marc A. Werlinsky and Timothy P. Wile, King of Prussia, for appellant.

Steven F. O'Meara, Media, for appellee.

BEFORE: PELLEGRINI, J., COHN, J., and FLAHERTY, Senior Judge.

OPINION BY Judge COHN.

This is an appeal by the Department of Transportation, Bureau of Driver Licensing (DOT), from an order of the Court of Common Pleas of Delaware County that sustained the appeals of Robert A. Gregg (Licensee) with respect to two separate six-month suspensions imposed by DOT for drug violations. On appeal we are asked to decide whether multiple drug offenses that arise out of a "single criminal episode" should result in a single suspension for the entire episode or a separate suspension for each count for which a licensee is convicted. If we determine that a single criminal episode warrants only a single suspension, we are then asked to decide whether it is proper to place the *prima facie* burden on DOT to prove that the offenses did *not* occur as a single criminal episode.

The factual record in this case is comprised entirely of documentary evidence and a colloquy between counsel and the common pleas court. DOT admitted into

evidence three separate conviction reports that were forwarded to it by the Office of Judicial Support, which functions as the Clerk of Courts in Delaware County. Each of these three reports indicated that Licensee had been convicted on May 2, 2002 for an October 10, 2001 violation of Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act" (Drug Act).[1] That provision prohibits, except as authorized by the Drug Act, "the manufacture, delivery, or possession with intent to deliver, a controlled substance by a person not registered under this act...."

Upon receipt of the conviction reports, DOT, acting under the authority of Section 1532(c) of the Vehicle Code, 75 Pa.C.S. § 1532(c),[2] mailed a suspension notice to Licensee on July 26, 2002, indicating that his license would be suspended for six months, effective August 30, 2002. Licensee did not challenge this suspension and, in fact, it is undisputed that he forwarded his license to DOT for the period of the suspension. Then, on January 17, 2003, DOT sent two additional suspension letters to Licensee, each referencing the same offense, violation date and conviction date as had been in the July 26th letter. One letter stated that his license would be suspended for six months, effective February 12, 2003, and the other letter stated that his license would be suspended for six

months, effective August 12, 2003. It is only these latter two consecutive suspensions that are at issue here.[3]

The common pleas court, relying on this Court's opinion in *Freundt v. Department of Transportation, Bureau of Driver Licensing,* 804 A.2d 706 (Pa.Cmwlth.2002), *petition for allowance of appeal granted,* 572 Pa. 713, 813 A.2d 846 (2002), held that, where there is a single criminal episode, only a single six-month suspension can be imposed and that, under *Freundt,* it is DOT's burden to prove that the case did not involve a single criminal episode. It reasoned that:

> the evidence established only that [Licensee] was arrested on a single date, October 10, 2001, and charged with three (3) counts of delivery of a controlled substance. No further details or circumstances of the offenses or the events surrounding them were provided. Likewise, [Licensee's] convictions based on his guilty pleas to the three (3) counts of delivery of a controlled substance were established, but no further details were provided the Court. Thus, nothing in the record before this Court established anything which could support a finding that [Licensee's] convictions were the result of separate and distinct acts.

**1.** Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. § 780–113(a)(30).

**2.** This provision pertinently states:

(c) The department shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state ... (1) The period of suspension shall be as follows:

(i) For a first offense, a period of six months from the date of suspension.

**3.** We have previously recognized the concept of "multiple first offenses," which is what we have here. *See Freundt v. Department of Transportation, Bureau of Driver Licensing,* 804 A.2d 706, 710 (Pa.Cmwlth.2002), *petition for allowance of appeal granted,* 572 Pa. 713, 813 A.2d 846 (2002). For this reason, each suspension was only six months in length as opposed to the escalating penalties otherwise employed in Section 1532(c) of the Vehicle Code.

(Common Pleas Court Opinion of 10/15/03, p. 3.) On this basis, common pleas sustained Licensee's appeals and set aside the two consecutive six-month suspensions. DOT now appeals to this Court,[4],[5] arguing that Section 1532(c) of the Vehicle Code mandates a suspension for each conviction of a Drug Act offense, irrespective of whether the licensee's multiple Drug Act offenses occurred as part of a single criminal episode. In the alternative, DOT argues that, if we decide that Section 1532(c) does not permit it to assess multiple suspensions in such a situation, then Licensee should bear the burden of proof to show that the events were part of a single criminal episode, rather than DOT bearing the burden to show they were not. DOT alleges that it has no way of determining from the documents it receives, whether the offenses were regarded by the criminal court as part of a single criminal episode or whether Licensee was separately charged.

■ We, first, consider whether Section 1532(c) of the Vehicle Code authorizes DOT to issue multiple suspensions where the Drug Act violations arise out of a single criminal episode. We stated in *Carter v. Department of Transportation, Bureau of Driver Licensing*, 838 A.2d 869 (Pa.Cmwlth.2003):

> Licensees who are convicted of a series of violations of the Drug Act that are deemed to be separate and distinct acts are punished with multiple license suspensions.... Licensees who are convicted of a series of violations of the Drug Act that are deemed to make up a single

criminal episode are punished with a single license suspension. *Freundt.*

*Carter*, 838 A.2d at 871. DOT concedes that *Carter* and *Freundt* are controlling, but proffers here the same arguments that it made and that we rejected in those cases. We adhere to the discussion of the law presented in those cases and will not reiterate our rationale again.

Here, DOT also advances four arguments not previously addressed: (1) the recidivist philosophy upon which *Freundt* rests has been "discredited" by our state Supreme Court; (2) the "practical effect [of *Freundt*] is to encourage an offender to commit as many violations as possible in a single episode rather than to deter drug use," (DOT's Brief at p. 16); (3) the single criminal episode concept is unworkable and unrealistic, (*id.* at p. 18); and (4) it is an "amorphous concept incapable of being consistently or fairly applied in a civil suspension proceeding." *Id.* We will examine each argument in turn.

First, with regard to whether the recidivist philosophy has been "discredited," DOT relies on *Commonwealth v. Williams*, 539 Pa. 249, 652 A.2d 283 (1994), where the Court did state that the recidivist philosophy is "not a constitutional principle or mandate" and, therefore, the legislature can reject or replace it. *Id.* at 252, 652 A.2d at 285. Contrary to DOT's assertion, however, we do not view this language as "discrediting" the general recidivist philosophy. In fact, the *Williams* Court noted specifically that the philosophy is a "valid policy." *Id.* at 252, 652 A.2d at 284.

---

4. Although the common pleas court granted a request to consolidate the two suspension cases, DOT, perhaps out of an abundance of caution, filed a separate notice of appeal from each of the two suspension reversals. On appeal we *sua sponte* re-consolidated the two matters.

5. Our scope of review is limited to determining whether the trial court's findings are supported by substantial evidence, whether it committed any errors of law and whether it abused its discretion. *Freundt*, 804 A.2d at 708 n. 5

Second, DOT has presented no evidence that drug violators would purposefully set out to commit a single large crime spree rather than many smaller Drug Act violations over a period of time simply so that they could limit the term of a driver's license suspension. We will address DOT's third and fourth arguments in the context of DOT's burden of proof argument, which we now consider.

■ In *Freundt* we indicated that the burden was on DOT to establish that the criminal activity constituted "multiple first offenses." *Id.* at 713 and n. 9. We observed there that the record did not include distinct dates that would have disposed of this question. Later, in *Carter*, we discussed the burden of proof issue in more detail and wrote that:

> to meet its burden of proof, the Department must present evidence that **the three convictions were for three separate and distinct criminal acts, separately charged,[5] that occurred on different days.... The Department meets its burden by submitting into evidence its certified record of conviction demonstrating that each offense was separately charged and occurred on different days. Upon this showing, the burden of proof then shifts to the licensee to present "clear and convincing evidence" to rebut the presumption of correctness raised by the Department's certified records....** In *Department of Transportation, Bureau of Driver Licensing v. Diamond*, this court held that, "once DOT has introduced, via a certified record, evidence of a conviction, DOT has met its burden of production and established a rebuttable presumption that a conviction exists.

Absent clear and convincing evidence that the record is erroneous, this presumption becomes conclusive on the issue of the conviction." 151 Pa. Commw. 351, 616 A.2d 1105, 1107–08 (1992).

---

[5] Although the offenses must be separately charged, we note that they may appear as separate counts of a single indictment....

*Carter*, 838 A.2d at 872. Thus, in *Carter*, we held that DOT is charged with the *prima facie* burden, which it can meet by entering into evidence the documents it receives from the clerk of court or district justice. We stated further that, if those documents show that each offense was (1) separately charged and (2) occurred on a different date, then the burden shifts to the licensee to rebut that evidence. *Id.*

In *Freundt*, the record demonstrated sixteen counts of drug acquisition. Fatal to DOT's case was the fact that it did *not* show that the acquisitions had taken place on different dates. In *Carter*, the trial court held that DOT failed to meet its burden to show that the three convictions at issue did not arise from a single episode. On appeal, we disagreed with that conclusion, noting that the criminal acts had occurred on three separate and "clearly identifiable" dates. Thus, in both of those cases, we based our decision on whether violation dates, which appeared in the record, were different or the same. These dates are evident on any properly completed criminal citation, a document DOT routinely receives.[6]

However, DOT argues that the violation dates are not necessarily conclusive and it has no way of knowing whether the offenses were regarded as part of a single criminal episode or whether the licensee

---

**6.** Sections 6322 and 6323 of the Vehicle Code, 75 Pa.C.S. §§ 6322, 6323, mandate that reports relating to violations of the Vehicle Code be sent to DOT. Failure to comply can result in conviction for a summary offense and, ultimately, removal from office of the person charged with this duty. Section 6324 of the Vehicle Code, 75 Pa.C.S. § 6324.

was separately charged for each violation, based on the documents it receives. But, we have held that once DOT submits reports of conviction, which show different dates and different drug charges, DOT has met its burden of proof, and the burden then shifts to the licensee to prove that these charges were all part of a single criminal episode. Thus, we disagree with DOT that the case law presents an unworkable framework or is amorphous.

Turning now to the case *sub judice,* it is clear that DOT has not submitted evidence to meet its *prima facie* burden, since the evidence of record reveals that the three violations were for the same offense under the Drug Act, (Section 13(a)(30)), they were all committed on the same date, (October 10, 2001), and the convictions all occurred on the same date (May 2, 2002). On this basis, we affirm the order of the common pleas court.[7]

### ORDER

**NOW,** June 8, 2004, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby affirmed.

---

7. We do not foreclose the possibility that criminal violations could occur on the same date and not be part of a single criminal episode.