**Daniel GUIDAS**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 6, 1995.

Decided Feb. 23, 1995.

William A. Kuhar, Jr., Asst. Counsel–Appellate Section, and Timothy P. Wile, Asst. Counsel In–Charge Appellate Section, for appellant.

Anthony W. DeBernardo, Jr., for appellee.

Before McGINLEY and NEWMAN, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from orders of the Court of Common Pleas of Westmoreland County (trial court), granting Daniel Guidas' (Guidas) statutory appeal and rescinding a five year suspension of his driver's license, and denying DOT's request for a modified period of revocation.

On April 30, 1992, the vehicle driven by Guidas crossed the center line of the roadway, struck an oncoming vehicle and killed the occupant of that vehicle. Subsequently, Guidas was charged with and pled guilty to three violations [1] of the Vehicle Code (Code) 75 Pa.C.S. §§ 101–8122: driving under the influence of alcohol or a controlled substance (DUI) [2], homicide by vehicle [3] and reckless driving.[4] Pursuant to 75 Pa.C.S. § 1531, certification of these convictions was forwarded to DOT by the Clerk of Courts of Westmoreland County. As a result of his DUI conviction DOT suspended Guidas' license for one year as mandated by 75 Pa.C.S. § 1532(b)(3). DOT revoked Guidas' driving privilege for an additional year as a result of his conviction for homicide by vehicle. DOT then imposed a five year revocation of Guidas' license on the basis of his conviction for reckless driving by classifying Guidas as a habitual offender pursuant to 75 Pa.C.S. § 1542 (habitual offender statute).[5]

---

1. Guidas was also convicted of meeting a vehicle proceeding in the opposite direction, 75 Pa.C.S. § 3302, and driving vehicle at an unsafe rate of speed, 75 Pa.C.S. § 3361. These convictions were not at issue before the trial court and will therefore not be further discussed.

2. 75 Pa.C.S. § 3731.

3. 75 Pa.C.S. § 3732.

4. 75 Pa.C.S. § 3736.

5. 75 Pa.C.S. § 1542 states in pertinent part:

§ 1542. Revocation of habitual offender's license

(a) General rule.—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A "habitual offender" shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within and period of five years thereafter.

Guidas appealed to the trial court challenging only the imposition of the five year revocation pursuant to the habitual offender statute (75 Pa.C.S. § 1542). On February 7, 1994, the trial court, finding that Guidas' three convictions resulted from a single act, sustained Guidas' appeal and held that DOT's imposition of a five year revocation pursuant to 75 Pa.C.S. § 1542 was improper. Thereafter, DOT filed a motion for reconsideration and/or clarification of the February 7, 1994, order. In that motion DOT requested that if the trial court refused to reinstate the five year revocation imposed by DOT it should enter a new order which would provide for the imposition of a six month operating privilege suspension pursuant to 75 Pa.C.S. § 1532(b)(1), due to Guidas' conviction for reckless driving. On February 17, 1994, the trial court entered an order clarifying the suspensions which were not appealed, affirming its February 7, 1994, order rescinding the five year revocation of Guidas' operating privilege, and denying DOT's request for an additional six month suspension.

■ On appeal[6] DOT maintains that the record does not contain evidence competent to support a finding that Guidas' violations of the Code arose out of the same act. Consequently, DOT contends that the trial court erred by rescinding the five year revocation of Guidas' operating privilege. In the alternative DOT argues that even if the trial court correctly concluded that at least two of Guidas' violations arose out of a single act, it should have ordered that a six month suspension be imposed pursuant to 75 Pa.C.S. § 1532(b)(1), due to Guidas' conviction for reckless driving.

75 Pa.C.S. § 1542 provides that DOT shall revoke the license of a habitual offender for a period of five years. A habitual offender is defined in Section 1542 as "any person whose driving record, ... shows that such person has accumulated ... [t]hree convictions arising from separate acts ..." of any major violations as defined in 75 Pa.C.S. § 1532. Thus, the specific question presented for our review is whether Guidas' three convictions arose from separate acts.

In rescinding DOT's imposition of a five year revocation, the trial court relied on the Pennsylvania Supreme Court case of *Frontini v. Department of Transportation*, 527 Pa. 448, 593 A.2d 410 (1991), to support its conclusion that Guidas' three convictions arose from a single act. In *Frontini* a vehicle driven by the licensee struck another vehicle killing three of the occupants in the second vehicle. The licensee was subsequently charged with and pled guilty to driving under the influence, reckless driving and three counts of homicide by vehicle. Following certification of these convictions from the clerk of courts, DOT suspended the licensee's operating privilege for one year on the DUI conviction and revoked his license for an additional year for the first homicide by vehicle conviction. DOT then imposed a five year revocation on the basis of the second homicide by vehicle conviction by classifying licensee as a habitual offender pursuant to 75 Pa.C.S. § 1542. The Supreme Court concluded that the three convictions for homicide by vehicle resulted from a single act and could not be considered as separate offenses for purposes of classifying the licensee as a habitual offender. *Frontini*.

■ In *Frontini*, the Supreme Court's rejection of DOT's classification of the licensee as a habitual offender was based on their conclusion that the three convictions for

**(b) Offenses enumerated.**—Three convictions arising from separate acts of any one or more of the following offenses committed either singularly or in combination by any person shall result in such person being designated as a habitual offender:

(1) Any offense set forth in section 1532 (relating to revocation or suspension of operating privilege).

.... 

**(d) Period of revocation.**—The operating privilege of any person found to be a habitual offender under the provisions of this section

shall be revoked by the department for a period of five years....

6. Our scope of review in a license suspension case is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determination demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Tarnopolski*, 533 Pa. 549, 626 A.2d 138 (1993).

homicide by vehicle arose out of a single act. The Court's decision was not based on the conclusion that the licensee's reckless driving, DUI and homicide by vehicle convictions arose out of the same act. Although the present facts are not on all fours with *Frontini*, we agree with the trial court's final determination that imposition of a five year revocation under the habitual offender statute was improper.

The Supreme Court in *Frontini* held that: The apparent thrust of the habitual offender statute is to punish persons who make a habit of violating the more serious provisions of the vehicle code, thus causing themselves to be a menace to the other licensed drivers in Pennsylvania. Thus, the habitual offender statute is recidivist in nature, concerning itself with the number of prior acts committed by the offender, as opposed to the multiple consequences of any one act.

*Id.* at 451, 593 A.2d at 412. In *Ross v. Department of Transportation, Bureau of Driver Licensing,* 125 Pa.Commonwealth Ct. 256, 557 A.2d 62, *petition for allowance of appeal denied,* 524 Pa. 623, 571 A.2d 385 (1989), this Court defined the phrase "separate acts" within the meaning of Section 1542 as:

Basically, this means that although all three [Vehicle] Code violations may be committed in combination in the course of one general factual episode, the driver must also have done three completely different improper things which led to those Code violations in order to be considered a habitual offender.

*Id.* at 258–59, 557 A.2d at 63.

In the present case DOT maintains that Guidas' violations arose out of three separate acts and that the record does not support a contrary conclusion. In asserting this claim, DOT argues that the conduct which was the basis for the charge of one of the major offenses of which Guidas was convicted is different from the conduct which provided the basis of the other major offenses of which Guidas was convicted. In response, Guidas

asserts that reckless driving is an essential element of homicide by vehicle and therefore, his violations of 75 Pa.C.S. § 3732 (homicide by vehicle) and 75 Pa.C.S. § 3736 (reckless driving) constitute a single act. We agree.

75 Pa.C.S. § 3732 provides in relevant part:

### § 3732. Homicide by vehicle

Any person who unintentionally causes the death of another person while engaged in the violation of any law ... applying to the operation or use of a vehicle ... except section 3731 (relating to driving under influence of alcohol or controlled substance) is guilty of homicide by vehicle ... when the violation is the cause of death.

In order for a person to be convicted of homicide by vehicle they must engage in a violation of the Code and such violation must be the cause of the death of another. In other words, Guidas' conviction under 75 Pa. C.S. § 3732 (homicide by vehicle) is dependent on proof that he violated 75 Pa.C.S. § 3736 (reckless driving).

There was but *one act* which resulted in Guidas' conviction under two sections of the Code. Guidas, while driving his vehicle in a reckless manner in violation of 75 Pa.C.S. § 3736, crossed the center line and struck another car killing its occupant. The conduct which provided the basis for Guidas' reckless driving conviction is the same conduct which provided the basis for his conviction of homicide by vehicle. We conclude that Guidas' convictions for homicide by vehicle and reckless driving did not arise from separate acts and the trial court correctly concluded that Guidas should not be classified as a habitual offender.

Because we conclude that the trial court properly rescinded the five year revocation of Guidas' license, we must now consider DOT's other contention: that is, that the trial court erred by not imposing an additional six month suspension pursuant to 75 Pa.C.S. § 1532(b)(1)[7] for Guidas' conviction of reckless driving.

7. § 1532. Revocation or suspension of operating privilege

. . . .

(b) Suspension.—

(1) The department shall suspend the operating privilege of any driver for six months

In *Department of Transportation, Bureau of Driver Licensing v. Korenich,* — Pa.Commonwealth Ct. —, 650 A.2d 1141 (1994), this Court recently dealt with the issue of whether we have the authority to modify a penalty imposed by DOT. *Korenich* involved a licensee who was assessed a penalty pursuant to the habitual offender statute. After the trial court found that the licensee's violations did not arise from separate acts and that a penalty pursuant to 75 Pa.C.S. § 1542 was not appropriate, DOT argued that the trial court should have imposed the penalty required under 75 Pa.C.S. § 1532. *Id.*

Relying on our decision in *Department of Transportation, Bureau of Traffic Safety v. Antram,* 48 Pa.Commonwealth Ct. 135, 409 A.2d 492 (1979), we held that "where the trial court has made findings of fact or conclusions of law different from those made by DOT", our Court "is vested with the authority to modify a penalty imposed by DOT." *Korenich,* at —, 650 A.2d at 1145. Noting that "unlike Section 1542, Section 1532 does not require that each conviction arise out of a 'separate act' ", we ordered that the trial court's order be modified to reflect the penalty required by 75 Pa.C.S. § 1532. *Id.* at —, 650 A.2d at 1145.

█ In the present case the trial court, unlike DOT, found that Guidas' violations did not all arise from separate acts and concluded that a penalty pursuant to the habitual offender statute was therefore inappropriate. Accordingly, we reverse that portion of the trial court's February 17, 1994, order which denies DOT's request for the imposition of an additional six month suspension pursuant to 75 Pa.C.S. § 1532(b). In all other respects, the orders of the trial court are affirmed.

### ORDER

AND NOW, to wit, this 23rd day of February, 1995, the order of the Court of Common Pleas of Westmoreland County, at No. 9097

upon receiving a certified record of the driver's conviction of or an adjudication of delinquency based on any offense under the following provisions:

Section 3367 (relating to racing on highways).

of 1993, dated February 7, 1994, which was supplemented by the order dated February 17, 1994, is reversed in so far as it denies DOT's request for a modified period of revocation and the order is modified to reflect an additional six month suspension pursuant to 75 Pa.C.S. § 1532(b) for Guidas' conviction under 75 Pa.C.S. § 3736 (reckless driving). The order is affirmed in all other respects.

NEWMAN, J., dissents.

Section 3733 (relating to fleeing or attempting to elude police officer).
Section 3734 (relating to driving without lights to avoid identification or arrest).
Section 3736 (relating to reckless driving). . . .