**George E. RICHARDS, Jr.**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 16, 2003.

Decided June 20, 2003.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Martin W. Sheerer, Pittsburgh, for appellee.

BEFORE: COLINS, President Judge, and LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Beaver County (trial court), sustaining the statutory appeal of George E. Richards, Jr. (Licensee) from a one-year suspension of his operating privilege that had been imposed by DOT under the requirements of Section 1532(a)(3) of the Vehicle Code (Code), 75 Pa.C.S. § 1532(a)(3).[1] We now reverse.

---

1. Section 1532(a)(3) of the Code provides that DOT "shall suspend the operating privilege of any driver for one year upon receiving a certified record of the driver's conviction ... based on any of the following offenses ... (3) Any violation of the following provisions ... Section 3735.1 (relating to aggravated assault by vehicle while driving under the influence)." 75 Pa.C.S. § 1532(a)(3).

The underlying facts of this case are not in dispute. As a result of a motor vehicle accident on February 2, 2001, in which two individuals were seriously injured, Licensee was arrested and charged with two counts of aggravated assault by vehicle while driving under the influence in accordance with Section 3735.1(a) of the Code, 75 Pa.C.S. § 3735.1.[2] Licensee later pleaded guilty to each of these counts and was convicted of each on September 17, 2001.[3] By official notice dated October 4, 2001, DOT notified Licensee that, as a result of his conviction under Section 3735.1 of the Code, his operating privilege was being suspended for a period of one year in accordance with Section 1532(a)(3) of the Code.

By a separate notice also dated October 4, 2001, DOT notified Licensee that his operating privilege was being revoked for a period of five years as he was being designated a habitual offender. Specifically, DOT notified Licensee that he was being designated a habitual offender due to the fact that he had three major violations within a five-year period, i.e., two prior convictions for driving under the influence and one of the two September 17, 2001, convictions. Licensee then filed a statutory appeal with the trial court challenging both the one-year suspension and the five-year revocation. The trial court

conducted a *de novo* hearing on July 16, 2002.[4]

At this hearing, DOT introduced into evidence a packet of documents, duly certified and under seal, from the Secretary of Transportation. This packet of documents included copies of Licensee's certified driving history, copies of the October 4, 2001, suspension notices, copies of the trial court's certifications to DOT of Licensee's September 17, 2001, convictions and copies of the trial court's two prior certifications to DOT of Licensee's DUI convictions in 1997 and 1999. This packet of documents was admitted into evidence with no objection and DOT thereafter rested.

Licensee did not testify on his own behalf or submit any evidence. Instead, counsel for Licensee simply argued before the trial court that the one-year suspension of Licensee's operating privilege was inappropriate as he had already been punished for his actions on the evening of February 2, 2001, via the five-year revocation of his operating privilege. In other words, counsel argued that Licensee should not and could not incur civil consequences for both of his convictions, which convictions arose out of a single act and under a single factual scenario.

Ultimately, the trial court issued an opinion and order dated November 21, 2002, sustaining Licensee's appeal.[5] In its

---

2. This Section of the Code classifies the offense of aggravated assault by vehicle while driving under the influence as "a felony of the second degree" and provides that said offense occurs when "any person ... negligently causes serious bodily injury to another person as the result of a violation of Section 3731 (relating to driving under influence of alcohol or controlled substance)...." 75 Pa.C.S. § 3735.1.

3. Licensee was sentenced to a term in prison as a result of his convictions. However, the exact term of his prison sentence is not evident in the record.

4. At this hearing, counsel for Licensee informed the trial court that Licensee was withdrawing his appeal challenging the five-year revocation of his operating privilege as a result of his designation as a habitual offender. Hence, this issue is not before this Court.

5. The trial court's order also indicated that Licensee's appeal with regard to the five-year revocation of his operating privilege was dismissed as a result of Licensee's choice not to pursue said appeal at the July 16, 2002, hearing.

opinion, the trial court noted that Licensee's "two charges of aggravated assault by vehicle while driving under the influence stem from one incident where two individuals were injured." (Opinion of Trial Court at 3; R.R. at 52a). The trial court next proceeded to discuss Section 1542 of the Code, 75 Pa.C.S. § 1542, dealing with habitual offenders and case law interpreting the same. The trial court then concluded that Licensee's additional one-year suspension based upon one of his two convictions for violating Section 3735.1 of the Code was inappropriate.[6] DOT thereafter filed a notice of appeal with the trial court.

■ On appeal to this Court,[7] DOT argues that the trial court erred as a matter of law in sustaining Licensee's appeal. More specifically, DOT argues that the trial court erred in concluding that it could not impose a one-year suspension of Licensee's operating privilege as a consequence of one of his two convictions for violating Section 3735.1 of the Code. We agree.

■ The doctrine of merger of related offenses "is a rule of statutory construction designed to determine whether the legislature intended for the punishment of one offense to encompass that for another offense arising from the same criminal act or transaction." *Commonwealth v. Anderson*, 538 Pa. 574, 577, 650 A.2d 20, 21 (1994). "The operative inquiry is whether the crimes involved are greater and lesser-included offenses, i.e., whether the two charges constitute the same offense." *Zimmerman v. Department of Transportation, Bureau of Driver Licensing*, 759 A.2d 953, 956 (Pa.Cmwlth.2000), *petition for allowance of appeal denied*, 567 Pa. 753, 788 A.2d 382 (2001).[8]

■ This Court has previously applied the doctrine of merger of related offenses to proceedings before DOT and other administrative tribunals that arise as a result of criminal convictions. *See Zimmerman; Xenakis v. Department of Transportation, Bureau of Driver Licensing*, 702 A.2d 572 (Pa.Cmwlth.1997). In the context of these types of proceedings, we have described the merger doctrine as prohibiting separate administrative penalties for multiple convictions arising from the same transaction where the convictions are greater and lesser included offenses. *Id.* We have further indicated that the test to be applied is whether each conviction requires proof of a fact which the other does not. *Zimmerman;*[9] *Department of Transporta-*

---

**6.** As noted above, Licensee was convicted on two counts of aggravated assault by vehicle while driving under the influence. The first conviction formed the basis for DOT's one-year suspension of Licensee's operating privilege, whereas the second conviction formed the basis for DOT's designation of Licensee as a habitual offender.

**7.** Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

**8.** In *Zimmerman*, we further explained the inquiry as follows:

[I]f all of the elements of one crime must be proven to establish the commission of another crime then the former crime is a lesser-included offense of the latter. However, the offenses are distinct and do not merge if each crime has an element that is not required to prove the commission of the other crime.

*Zimmerman*, 759 A.2d at 956.

**9.** For example, *Zimmerman* involved a case where a licensee had been convicted of both DUI and aggravated assault by vehicle while DUI. DOT thereafter issued two separate one-year suspensions of licensee's operating privilege. The licensee appealed the second suspension and the trial court in that case sustained the appeal. DOT then appealed to this Court and we affirmed, citing the merger

*tion, Bureau of Driver Licensing v. Maddesi,* 138 Pa.Cmwlth. 467, 588 A.2d 580 (1991).

■ In this case, Licensee was convicted of two separate counts of aggravated assault by vehicle while driving under the influence. In order to have been convicted on each count, Licensee had to have injured two distinct individuals. Admittedly, these convictions were the result of a single act. However, the fact that Licensee injured one person was irrelevant to the second count, which required Licensee to cause "serious bodily injury" to another/second person. 75 Pa.C.S. § 3735.1. Hence, these are entirely separate offenses and there can be no argument that one offense is a lesser-included offense of the other.

Moreover, to the extent that the trial court placed any emphasis on Section 1542 of the Code and the case law interpreting the same, said emphasis is misplaced. Section 1542(b) of the Code specifically provides that a habitual offender must acquire three convictions within five years "arising from **separate** acts." 75 Pa.C.S. § 1542(b) (emphasis added).[10] Nevertheless, Licensee chose not to challenge his designation by DOT as a habitual offender.

Furthermore, in previously addressing this issue in similar contexts, we have indicated that unlike Section 1542 of the Code, Section 1532 does not require that each conviction arise from a "separate act." *See Guidas v. Department of Transportation, Bureau of Driver Licensing,* 655 A.2d 228 (Pa.Cmwlth.1995); *Department of*

*Transportation, Bureau of Driver Licensing v. Korenich,* 168 Pa.Cmwlth. 362, 650 A.2d 1141 (1994). Thus, we must conclude that the trial court erred as a matter of law in concluding that DOT could not impose a one-year suspension of Licensee's operating privilege as a consequence of one of two of his convictions for violating Section 3735.1 of the Code and that the trial court erred as a matter of law in sustaining Licensee's appeal.

Accordingly, the order of the trial court is reversed and the one-year suspension of Licensee's operating privilege imposed by DOT in accordance with Section 1532(a)(3) of the Code is reinstated.

### ORDER

AND NOW, this 20th day of June, 2003, the order of the Court of Common Pleas of Beaver County is hereby reversed. The one-year suspension of the operating privilege of George E. Richards, Jr. imposed by the Department of Transportation, Bureau of Driver Licensing under Section 1532(a)(3) of the Vehicle Code, 75 Pa.C.S. § 1532(a)(3), is hereby reinstated.

---

doctrine and noting that all of the elements of DUI must be proven to establish the commission of aggravated assault by vehicle while DUI. Hence, we concluded that "DUI [was] incontrovertibly a lesser-include offense of AA–DUI." *Zimmerman,* 759 A.2d at 957.

10. In its brief to this Court, DOT concedes that under Section 1542, as well as existing case law, it would not be appropriate to count Licensee's convictions as two separate convictions relevant to his designation as a habitual offender, due to the fact that both convictions arose from the same act. (Brief of DOT at 16).