Eric Albert OESTERLING

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 27, 2004.
Decided July 14, 2004.
Publication Ordered Sept. 29, 2004.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel in-Charge, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE: McGINLEY, Judge, LEAVITT, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Senior Judge
MIRARCHI.

Before this Court is an appeal by the Department of Transportation, Bureau of Driver Licensing (Department) from an order of the Court of Common Pleas of Butler County (trial court) sustaining the appeal of Eric Albert Oesterling (Oesterling) from a six-month suspension of his driving privilege. We reverse.

The facts in this appeal are undisputed. On November 16, 2001, Oesterling was arrested for driving while under the influence (DUI) of a controlled substance (heroin) and for possession of heroin in his vehicle during a traffic stop. He was convicted on both charges. The Department suspended his driving privilege for one year for DUI and six months for possession of a controlled substance. Oesterling filed an appeal from the six-month suspension, which was sustained by the trial court. The Department's appeal to this Court followed.

■ The sole issue before this Court is whether the trial court erred in its ruling that Oesterling's DUI conviction merges with his possession conviction for the purpose of sentencing. Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Richards v. Department of Transportation, Bureau of Driver Licensing*, 827 A.2d 575 (Pa.Cmwlth.2003), *petition for allowance of appeal denied*, 576 Pa. 727, 841 A.2d 533 (2003).

■ The doctrine of merger of related offenses "is a rule of statutory construction designed to determine whether the legislature intended for the punishment of one offense to encompass that for another offense arising from the same criminal act or transaction." *Commonwealth v.*

*Anderson*, 538 Pa. 574, 577, 650 A.2d 20, 21 (1994). The operative inquiry is whether the crimes involved are greater and lesser-included offenses. *Zimmerman v. Department of Transportation, Bureau of Driver Licensing*, 759 A.2d 953 (Pa.Cmwlth.2000). To determine whether offenses are greater and lesser-included offenses, we compare the elements of the offenses. If the elements of the lesser offense are all included within the elements of the greater offense and the greater offense has at least one additional element, which is different, then the sentences merge. *Anderson*. If both crimes require proof of at least one element that the other does not, then the sentences do not merge. *Id.*

■ The elements must be compared as charged in the case, taking into account the underlying factual circumstances of the offenses. *Commonwealth v. Comer*, 552 Pa. 527, 716 A.2d 593 (1998). However, if two offenses are mutually exclusive and the same evidence could not possibly have satisfied the distinct elements of the two crimes, then this Court cannot broadly construe the elements as to redefine them. *Commonwealth v. Collins*, 564 Pa. 144, 764 A.2d 1056 (2001). In addition, where two entirely separate offenses are involved, there can be no argument that one offense is a lesser-included offense of the other. *Richards*, 827 A.2d at 579. Separate offenses are involved if the actor "commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime." *Commonwealth v. Weakland*, 521 Pa. 353, 364, 555 A.2d 1228, 1233 (1989). Also, "when a criminal act has been committed, broken off, and then resumed, at least two crimes have occurred and sentences may be imposed for each." *Commonwealth v. Belsar*, 544 Pa. 346, 351–52, 676 A.2d 632, 634 (1996). The Department claims that DUI and posses-

sion of a controlled substance are two separate offenses.[1] We agree.

In order for the Commonwealth to have convicted Oesterling of DUI in violation of Section 3731 of the Motor Vehicle Code, *as amended,* 75 Pa.C.S. § 3731, it was necessary to prove: (1) that he was operating a motor vehicle, (2) while under the influence of a controlled substance to a degree which rendered him incapable of safe driving. 75 Pa.C.S. § 3731.[2] In order to convict Oesterling of possession of heroin, it was necessary to prove that he had knowing or intentional possession of a controlled substance. If the substance was not found on his person, then the Commonwealth had to satisfy the burden of establishing constructive possession. *Commonwealth v. Valette,* 531 Pa. 384, 613 A.2d 548 (1992). "Constructive possession" is defined as "the ability to exercise a conscious dominion over the illegal substance: the power to control the contraband and the intent to exercise that control." *Valette,* 531 Pa. at 388, 613 A.2d at 550 (quoting *Commonwealth v. Macolino,* 503 Pa. 201, 206, 469 A.2d 132, 134 (1983)).

The section of the criminal complaint against Oesterling relating to the drug possession charge shows that he was found with nine baggies of heroin in his car. This fact alone constituted possession of a controlled substance. Oesterling, however-

er, proceeded to ingest heroin and then drive under the influence of it. In *Healey,* the court rejected the defendant's argument that his convictions of simple assault and resisting arrest merge. *Commonwealth v. Healey,* 836 A.2d 156 (Pa.Super.2003). The court acknowledged the *Weakland* standard, finding that the defendant's initial assault of the police officer was more than what was necessary to establish the bare elements of resisting arrest. *Id.* at 159. In this case, Oesterling's possession of nine baggies of heroin was more than what was necessary to establish the bare elements of DUI. If Oesterling had not been found with heroin in his car, then he still could have been convicted of DUI since he was operating a motor vehicle while under the influence of heroin to a degree which rendered him incapable of safe driving. Thus, the possession charge went beyond the bare elements of DUI so as to constitute a separate offense.

Oesterling argues that it was necessary for him to possess heroin at some point in time in order to be under its influence. However, this characterization violates the principle of *Comer* by disregarding the fact that Oesterling was charged with possession of nine baggies of heroin separate from the amount that he ingested. The trial court acknowledged the fact that Oesterling was found with heroin in his car,

---

1. We note our Supreme Court's recent decision in *Commonwealth v. Gatling,* 570 Pa. 34, 807 A.2d 890 (2002). The Court determined that because there was a break in the chain of events that separated the first crime from the second, regardless of whether the elements of one were subsumed within the other, the convictions did not merge. However, *Gatling* is a plurality decision. Accordingly, we do not view it as binding precedent. *See Commonwealth v. Price, 543 Pa. 403, 408, 672 A.2d 280, 282 (1996)* (explaining that an opinion only creates binding precedent insofar as it commands "a majority of judges voting both as to the disposition and the principle of law ex-

pressed"); *Commonwealth v. Duffy,* 832 A.2d 1132, 1138 n. 4 (Pa.Super.2003) (explaining that *Gatling* is not binding precedent because a majority failed to join the opinion). Thus, we must look to prior case law to determine what constitutes a solitary criminal episode. *See Commonwealth v. Healey,* 836 A.2d 156 (Pa.Super.2003).

2. Section 3731 of the Vehicle Code was repealed by Section 14 of the Act of September 30, 2003, P.L. 120, effective February 1, 2004. The DUI related provisions are now contained in 75 Pa.C.S. §§ 3801–3817.

but it failed to take this fact into consideration when it accepted Oesterling's merger argument. Therefore, the trial court erred as a matter of law in ruling that these two separate offenses merge.

 Even if the two convictions are not separate offenses, they still would not merge because they are not greater and lesser-included offenses in this case. DUI requires proof of operation of a motor vehicle, and possession of a controlled substance does not. Thus, DUI cannot be a lesser-included offense of possession of a controlled substance because it has an exclusive element. Possession of a controlled substance requires proof of knowing or intentional possession of a controlled substance. When we examine the elements as charged, taking the underlying factual circumstances into consideration as required by *Comer*, it becomes clear that the DUI conviction could not have possibly satisfied all of the elements of the possession charge because Oesterling was charged with possession of heroin other than that which he had ingested. Thus, possession of a controlled substance, as charged in this case, cannot be a lesser-included offense of DUI because it requires proof of possession of the heroin found in Oesterling's car, which is an element not subsumed in the elements of DUI. Because neither offense is a lesser-included offense of the other, the convictions do not merge.

Accordingly, the order of the trial court is reversed, and Oesterling's six-month license suspension for possession of a controlled substance is reinstated.

### ORDER

AND NOW, this 14th day of July, 2004, the order of the Court of Common Pleas of Butler County in the above-captioned matter is hereby reversed, and the six-month license suspension of Eric Albert Oesterling for possession of a controlled substance is hereby reinstated.