**Michael Jay TYLER, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Argued March 7, 2011.

Decided Aug. 2, 2011.

---

Philip Murray Bricknell, Assistant Counsel, Harrisburg, for appellee.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Michael Tyler (Licensee) appeals from an order of the Court of Common Pleas of Susquehanna County (trial court) denying his appeal of five consecutive one-year license suspensions imposed by the Pennsylvania Department of Transportation (PennDOT). In this case, we consider whether 75 Pa.C.S. § 1532(a)[1] authorizes PennDOT to impose a one year suspension for each of five counts of aggravated assault by vehicle while driving under the influence, where five individuals were injured in a single accident. Concluding that our Supreme Court's recent holding in *Strawn v. Department of Transportation,* —— Pa. ——, 17 A.3d 320 (2011), is controlling, we affirm.

In July 2008, Licensee crashed into a vehicle carrying five people. In September 2009, Licensee pled guilty to five counts of aggravated assault by vehicle while driving under the influence of alcohol. PennDOT suspended his license for one year for each conviction, the suspensions to be served consecutively. Licensee appealed to the trial court, contending that 75 Pa.C.S. § 1532 authorizes a license suspension for only one year because the five victims were injured as a result of a single criminal episode.

In April 2010, a hearing was held before the trial court. Both parties presented

---

1. Section 1532(a) provides, in relevant part:
   (a) One-year suspension.—The department shall suspend the operating privilege of any driver for one year upon receiving a certified record of the driver's conviction of or an adjudication of delinquency based on any of the following offenses:
         *    *    *
   (3) Any violation of the following provisions:

   Section 3735.1 (relating to aggravated assault by vehicle while driving under the influence).
   75 Pa.C.S. § 1532(a)(3).

argument, and PennDOT presented a certified record of conviction for each of the five convictions. Neither party offered testimonial evidence.

PennDOT argued that *Richards v. Department of Transportation, Bureau of Driver Licensing,* 827 A.2d 575 (Pa. Cmwlth.), *petition for allowance of appeal denied,* 576 Pa. 727, 841 A.2d 533 (2003), was controlling. In *Richards,* this Court held that the injuries to two individuals constitute separate offenses for purposes of suspension. The licensee was convicted of two counts of aggravated assault by vehicle while driving under the influence. PennDOT suspended his driver's license for one year under Section 1532(a)(3). It also imposed a five-year license suspension as a habitual offender under Section 1542 [2] as a result of the second conviction. This Court upheld the suspension. We explained that one offense can merge with another offense if each conviction requires the same proof of facts. However, in *Richards,* the two offenses were entirely separate offenses because each involved injury to a distinct individual. Thus, the two offenses could not merge.

In his argument, Licensee countered that *Drabic v. Department of Transportation, Bureau of Driver Licensing,* 588 Pa. 670, 906 A.2d 1153 (2006), implicitly overruled *Richards. Drabic* involved a licensee who was convicted of 14 offenses, including homicide by vehicle while driving under the influence. PennDOT issued consecutive license suspensions, and Drabic appealed 12 suspensions; he did not challenge the vehicle by homicide suspension. The Supreme Court held that the 12 suspensions merged into the two-year homicide suspension because there was a single criminal episode. It explained that "the appropriate [license] suspension shall be determined by whether or not the conviction stemmed from a single criminal episode, or multiple criminal episodes." *Id.* at 676, 906 A.2d at 1156 (quoting *Freundt v. Department of Transportation, Bureau of Driver Licensing,* 584 Pa. 283, 290, 883 A.2d 503, 507 (2005)).

Licensee argued that his five convictions did not arise from five separate offenses but from one criminal episode. Licensee explained that he drove intoxicated on one occasion and did not commit a series of traffic violations. Rather, he had the misfortune of striking a car carrying five passengers.

The trial court rejected Licensee's argument that the merger analysis, used in *Richards* in 2003, was replaced by the criminal episode analysis that was subsequently used by the Supreme Court in

---

2. Section 1542 provides, in relevant part:

    (a) General rule.—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A "habitual offender" shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

    (b) Offenses enumerated.—Three convictions arising from separate acts of any one or more of the following offenses committed by any person shall result in such person being designated as a habitual offender:

    (1) Any violation of Subchapter B of Chapter 37 (relating to serious traffic offenses).

    *     *     *

    (d) Period of revocation.—The operating privilege of any person found to be a habitual offender under the provisions of this section shall be revoked by the department for a period of five years.

75 Pa.C.S. § 1542.

*Freundt* and in *Drabic.* The trial court did not apply the criminal episode analysis but, rather, found that Licensee's five convictions for aggravated assault by vehicle did not merge. The trial court reasoned that although the injuries occurred as a result of a single criminal act, each offense involved a separate victim that did not appear in the other four offenses. Accordingly, the trial court denied Licensee's appeal and upheld the five suspensions. Licensee now appeals to this Court.[3]

On appeal, Licensee again argues that *Richards* was implicitly overruled by the criminal episode analysis employed by the Supreme Court in *Freundt* and *Drabic.* Specifically, the Supreme Court held that "the plain language of [75 Pa.C.S. § 1532] directs that only a single suspension can be imposed based upon a single criminal episode." *Drabic,* 588 Pa. at 675, 906 A.2d at 1156. In that case, the Supreme Court found that the charge of aggravated assault by vehicle while driving under the influence merged with the charge of homicide by vehicle while driving under the influence, so that one suspension was appropriate, rather than two. In *Drabic,* the charges stemmed from injuries to one victim.

In response, PennDOT contends that this Court has already considered this argument and rejected it in *Richards.* PennDOT argues that *Drabic,* which is factually distinguishable, did not overrule *Richards.* None of Licensee's five criminal convictions, involving five distinct victims, can be merged into the other. Specifically, PennDOT notes that Section 3735.1 of the Vehicle Code states, in relevant part:

> Aggravated assault by vehicle while driving under the influence
>
> (a) OFFENSE DEFINED.—Any person who negligently causes serious bodily injury to *another person* as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 commits a felony of the second degree when the violation is the cause of the injury.

75 Pa.C.S. § 3735.1 (emphasis added). PennDOT argues that the use of the phrase "another person" means that the General Assembly intended that a separate offense is committed for each individual person injured. PennDOT contends that the single criminal episode analysis does not apply here; rather, this Court must decide whether the five individual charges merge. In light of our Supreme Court's recent decision affirming this Court's holding in *Strawn,* we conclude that PennDOT is correct.[4]

In *Strawn,* the licensee was convicted of driving under the influence, leaving the scene of an accident, reckless driving, and fleeing a police officer. Strawn's license was suspended for an aggregate of three years, pursuant to 75 Pa.C.S. § 1532(b).[5]

---

3. Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Richards v. Department of Transportation, Bureau of Driver Licensing,* 827 A.2d 575, 578 n. 7 (Pa. Cmwlth.2003).

4. *Strawn* was decided in January 2011 after we granted oral argument in this case in

December 2010. Because Licensee's counsel was unable to attend oral argument in March 2011 due to hazardous road conditions, we granted counsel's motion for leave to file a supplemental brief addressing the Pennsylvania Supreme Court's decision in *Strawn,* filed January 19, 2011.

5. Section 1532(b) provides, in relevant part

(b) Suspension.—

Strawn argued that only one suspension was appropriate because all of his offenses arose from a single criminal episode, citing *Freundt* and *Drabic*. The trial court rejected this argument and upheld Penn-DOT's suspensions. This Court affirmed the trial court, holding that four license suspensions were warranted because each offense had distinct elements, none of which merged as a lesser included offense of another. The Supreme Court affirmed and did so in a decision that explained its prior holdings in this area.

First, the Supreme Court explained *Freundt*, where it held that convictions under the The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780–101–780–144, will produce a single suspension under 75 Pa.C.S. § 1532(c) [6] where the convictions arise from a single criminal episode. In *Freundt*, the licensee, a pharmacist, pled

guilty to 16 counts of obtaining a controlled substance by misappropriation. PennDOT then issued 16 separate suspensions pursuant to Section 1532(c). Freundt challenged 15 of the suspensions, claiming that only one suspension was warranted because the 16 violations arose from a single criminal episode. The Supreme Court agreed with Freundt and held that multiple drug violations "stemming from a criminal episode, an offense *for the purpose of* § 1532(c), is a single criminal episode." *Strawn*, —— Pa. at ——, 17 A.3d at 323 (citing *Freundt*, 584 Pa. at 290, 883 A.2d at 507) (emphasis added).

The Supreme Court next clarified *Drabic*, where the 12 convictions for aggravated assault by vehicle had merged into the homicide by vehicle conviction. This conclusion was reached by using the *Freundt* "single criminal episode" analysis. However, in *Strawn*, the Supreme Court con-

(1) The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of or an adjudication of delinquency based on any offense under the following provisions:

Section 3367 (relating to racing on highways).

Section 3714(b) (relating to careless driving).

Section 3734 (relating to driving without lights to avoid identification or arrest).

Section 3736 (relating to reckless driving).

Section 3743 (relating to accidents involving damage to attended vehicle or property).

(2) The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of a subsequent offense under section 1501(a) (relating to drivers required to be licensed) if the prior offense occurred within five years of the violation date of the subsequent offense.

(3) The department shall suspend the operating privilege of any driver for 12

months upon receiving a certified record of the driver's conviction of section 3733 (relating to fleeing or attempting to elude police officer) or a substantially similar offense reported to the department under Article III of section 1581 (relating to Driver's License Compact), or an adjudication of delinquency based on section 3733. The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of a consent decree granted under 42 Pa.C.S. Ch. 63 (relating to juvenile matters) based on section 3733.

\*     \*     \*

75 Pa.C.S. § 1532(b).

6. Section 1532(c) provides, in relevant part:

(c) Suspension.—The department shall suspend the operating privilege of any person upon receiving a certified record of the *person's conviction of any offense involving the possession, sale, delivery, offering for sale*, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state.

75 Pa.C.S. § 1532(c) (emphasis added).

cluded that it had erred in *Drabic* and held that the single criminal episode analysis should only be used in suspensions arising under 75 Pa.C.S. § 1532(c) for drug-related convictions. Accordingly, the Court overruled *Drabic*, which had used the single criminal episode analysis in a Section 1532(a) case. The Supreme Court explained that *Drabic* "was a digression and not germane to the disposition of the principal question before the *Drabic* court," *i.e.*, whether the merger doctrine applied in the civil arena of operating privilege suspensions. *Strawn*, —— Pa. at ——, 17 A.3d at 329.

On the merits of licensee's appeal in *Strawn*, the Supreme Court reasoned as follows. Section 1532(b) imposes a suspension for "any offense" of a laundry list of Vehicle Code provisions, which the Supreme Court construed to mean that a suspension must be imposed for each offense or violation. Specifically, the Supreme Court explained that

> [t]he fact that the General Assembly separately listed the offenses to which a license suspension will attach and mandated that PennDOT suspend the operating privileges of any driver for 'any *offense*' under those provisions is indicative of its intent to impose a suspension for each separate *violation*.

*Id.* at ——, 17 A.3d at 328 (emphasis added).[7] The Court reasoned that

> employing a single criminal episode analysis for Motor Vehicle Code violations would, in effect, provide drivers a 'volume discount,' and thereby encourage, rather than discourage, the commission of multiple traffic offenses.

*Id.*

In his supplemental brief to this Court, Licensee argues that the Supreme Court's holding in *Strawn* does not apply to the instant case because *Strawn* applies only to suspensions imposed under Section 1532(b), whereas the suspensions in this case stem from Section 1532(a). However, we conclude that *Strawn* is dispositive of this appeal.

In *Strawn*, the Supreme Court specifically held that the single criminal episode analysis was strictly limited to suspensions imposed under Section 1532(c) for drug-related convictions. Sections 1532(a) and (b) deal with suspensions arising from violations of the Vehicle Code, not violations of the Controlled Substances Act. *Strawn* clarified that as a matter of statutory construction and sound public policy, the single criminal episode analysis is appropriate only where the violation causing the suspension arises from a drug-related conviction.

Under *Zimmerman v. Department of Transportation, Bureau of Driver Licensing*, 759 A.2d 953, 957 (Pa.Cmwlth.2000), a merger of convictions will also merge the civil consequence. However, a merger of convictions for purposes of calculating a driver's license suspension is not appropriate where the licensee has committed offenses with distinct elements or committed offenses arising from separate acts. *Id.* In the case *sub judice*, the five separate violations of Section 3735.1 do not merge because there is a distinct element of proof for each offense, *i.e.*, serious bodily injury to a specific person.

For these reasons, the order of the trial court is affirmed.

### ORDER

AND NOW, this 2nd day of August, 2011, the order of Court of Common Pleas

---

**7.** Furthermore, the operative subsection in *Strawn* is Section 1532(b), which uses the language "any offense." Similarly, Section 1532(a)(3) imposes suspension for "any viola-tion." Notably, the Supreme Court used the terms "offense" and "violation" interchangeably in its discussion of the statutory sections. *Strawn*, —— Pa. at ——, 17 A.3d at 328.

of Susquehanna County dated April 27, 2010, in the above-captioned matter is hereby AFFIRMED.