# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

A.G.,                                              :
                    Appellant     :
                                     :
          v.                                      :   No. 1499 C.D. 2018
                                     :   Submitted: June 28, 2019
Commonwealth of Pennsylvania,          :
Department of Transportation,              :
Bureau of Driver Licensing                   :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge[1]
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE ELLEN CEISLER, Judge

**OPINION**
**BY JUDGE SIMPSON**                   **FILED:**    **September 12, 2019**

In this statutory appeal, A.G. (Licensee) challenges the order of the Court of Common Pleas of Chester County (trial court) upholding two six-month suspensions of her operating privileges based on her violation of Section 3714(b) of the Vehicle Code, 75 Pa. C.S. §3714(b) (careless driving, unintentional death), that killed two persons. She argues the Pennsylvania Department of Transportation, Bureau of Driver Licensing (PennDOT) erred in imposing two suspensions based on her two convictions without regard for the single criminal episode rule. She asserts the language of the statute underlying the suspension controls, which defines the offense in terms of harm to persons (plural), not a person (singular). Upon review, we affirm.

## I. Background

The material facts are undisputed. Licensee was convicted of two counts of careless driving, unintentional death, under Section 3714(b) of the Vehicle Code,

---

[1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson assumed the status of senior judge.

75 Pa. C.S. §3714(b). Relevant here, the incident resulted in the deaths of two persons. By two notices dated July 3, 2018, PennDOT imposed a six-month suspension for each conviction pursuant to 75 Pa. C.S. §1532(b)(1), to be served consecutively, the first suspension effective August 7, 2018, and the second effective February 7, 2019. Licensee appealed the second suspension to the trial court.

The trial court conducted a *de novo* hearing. PennDOT submitted documentary evidence consisting of Licensee's certified driving record, the two suspension notices and copies of the reports of two convictions for careless driving. Licensee did not testify or submit any evidence. Following the hearing and argument on the single criminal episode rule, the trial court sustained both suspensions. Licensee appealed the trial court's order as to the second suspension to this Court.

As directed by the trial court, Licensee filed a statement of errors complained of on appeal under Pa. R.A.P. 1925(b). Therein, she asserted that the "single criminal episode rule" only permits one suspension when the language of the statute underlying the violation "provides that an act injuring multiple individuals is a single criminal episode." Reproduced Record at 57a. Licensee emphasized the trial court erred in upholding the suspensions based on the number of convictions instead of the statutory language.

In its opinion, the trial court reasoned that two suspensions were proper because PennDOT received reports of two convictions. It emphasized that Licensee could not collaterally attack her convictions in the civil licensing proceeding.

2

Licensee sought a stay of the second license suspension pending appeal, which a single judge of this Court granted after telephonic argument.

## II. Discussion

On appeal, Licensee argues the trial court erred in disregarding the single criminal episode rule. She claims the rule permits "[o]nly a single suspension … where multiple violations arise from a single criminal episode." Appellant's Br. at 4 (quoting Gayman v. Dep't of Transp., 65 A.3d 1041, 1044 (Pa. Cmwlth. 2013)). Licensee challenges the legality of the second suspension when she violated only one statutory provision. She emphasizes that the statute underlying her convictions, Section 3714 of the Vehicle Code, 75 Pa. C.S. §3714, provides that an act injuring multiple persons constitutes one offense such that only one suspension is proper. Licensee also claims PennDOT's imposition of two suspensions for a single act of careless driving is inconsistent with its legal position in other cases.

This appeal presents a pure question of law that is largely a matter of statutory construction. Therefore, our review is plenary. Rothstein v. Dep't of Transp., Bureau of Driver Licensing, 922 A.2d 17 (Pa. Cmwlth. 2006).

### A. Single Criminal Episode Rule

Primarily, Licensee argues the trial court erred in upholding a suspension for each conviction when both convictions involved the same statutory provision and arose from a single act. PennDOT counters that each suspension corresponds to each conviction of the offense of careless driving. As Licensee was convicted of two offenses, based on two deaths, PennDOT imposed two suspensions.

3

Initially, we reject Licensee's premise that the single criminal episode rule applies. "The applicable rule is that where the same act … constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." Com. v. Anderson, 650 A.2d 20, 23 (Pa. 1994) (emphasis added) (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932)). Here, Licensee violated one statutory provision, Section 3714(b) of the Vehicle Code.

The single criminal episode rule is applied to ascertain the number of offenses for sentencing purposes. Com. v. Hude, 458 A.2d 177 (Pa. 1983). It relates to the doctrine of merger, as courts favor merging the sentencing for crimes arising out of the same act. "[T]he doctrine of merger is a rule of statutory construction designed to determine whether the legislature intended for the punishment of one offense to encompass that for another offense arising from the same criminal act …." Com. v. Collins, 764 A.2d 1056, 1057 (Pa. 2001). Merger applies when there are multiple statutory violations, and one is a lesser included offense of the other. Reinhart v. Dep't of Transp., Bureau of Driver Licensing, 946 A.2d 167 (Pa. Cmwlth. 2008). Like the single criminal episode rule, merger does *not* apply to a single statutory violation.

More importantly, merger of convictions for *sentencing* purposes does not mean that the convictions merge for *suspension* purposes. Bell v. Dep't of Transp., Bureau of Driver Licensing, 96 A.3d 1005 (Pa. 2014). In Bell, our Supreme Court reasoned that regardless of whether offenses merged for sentencing purposes, multiple suspensions are properly imposed following a conviction for each offense.

4

Id. Accordingly, for our purposes, the number of *offenses* is material to imposition of a suspension, not the number of statutory provisions violated.

PennDOT submitted proof of Licensee's two convictions for two offenses of the same statutory provision (careless driving, unintentional death). Licensee may not collaterally attack her convictions in this proceeding. Bell. Regardless, more than one suspension may be imposed based on a single criminal episode. Tyler v. Dep't of Transp., Bureau of Driver Licensing, 25 A.3d 1312 (Pa. Cmwlth. 2011) (Leavitt, J.).

Even assuming for argument's sake that the single criminal episode rule applied, Licensee's reliance on Gayman regarding the application of the rule here is problematic.

First, we issued our decision in Gayman, upon which Licensee heavily relies, in 2013, prior to our Supreme Court's 2014 decision in Bell. Bell overruled decisions holding a single suspension for a single criminal episode was appropriate.[2] Gayman relied upon the decisions specifically overruled in Bell. While this may not call into question the single criminal episode rule, it does call into question the validity of prior cases discussing the application of that rule in the civil license suspension context.

---

[2] See Drabic v. Dep't of Transp., Bureau of Driver Licensing, 906 A.2d 1153 (Pa. 2006); Freundt v. Dep't of Transp., Bureau of Driver Licensing, 883 A.2d 503 (Pa. 2005); Zimmerman v. Dep't of Transp., Bureau of Driver Licensing, 759 A.2d 953 (Pa. Cmwlth. 2000) (en banc).

Second, Gayman is distinguishable because it concerns Section 1532(c) of the Vehicle Code, involving violations of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[3]  In Gayman, we upheld imposition of three consecutive suspensions corresponding to three violations of the Drug Act.  While we analyzed the suspension appeal using the single criminal episode rule, because the violations occurred on different days, we ultimately held the rule did *not* apply.

Further, Licensee mischaracterizes our holding and selectively quotes our decision in Gayman.  Critically, in quoting Gayman, Licensee omits the qualifier that limited the holding to drug-related convictions.  Appellant's Br. at 4.  In full, we stated: "It is well-settled that 'for purposes of license suspensions issued pursuant to Section 1532(c) of the Vehicle Code relating to violations of the Drug Act, only a single suspension is appropriate where multiple violations arise from a single criminal episode.'"  65 A.3d at 1044 (emphasis added) (quoting Strawn v. Dep't of Transp., 17 A.3d 320, 322 (Pa. 2011)).

Significantly, both this Court and the Supreme Court decline to apply the single criminal episode rule to license suspensions under Section 1532(b), the statutory suspension mechanism here.  Strawn; Tyler.  Indeed, current precedent holds that the single criminal episode analysis only applies to license suspension cases arising under Section 1532(c) of the Vehicle Code for drug-related convictions.  Strawn; see also Lore v. Dep't of Transp., Bureau of Driver Licensing (Pa. Cmwlth., No. 392 C.D. 2015, filed Aug. 27, 2015), 2015 WL 5507329 (unreported).[4]

---

[3] Act of April 14, 1972, P.L. 233, as amended, 35 P.S. §§780-101-780-144.

[4] This case is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

6

## B. Statutory Construction

Our statutory analysis begins with the relevant suspension provision. PennDOT suspended Licensee's operating privileges under Section 1532(b) of the Vehicle Code, 75 Pa. C.S. §1532(b). It provides in pertinent part: "[PennDOT] shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of … <u>any offense</u> under the following provisions: … Section 3714(b) (relating to careless driving)." <u>Id.</u> (emphasis added). Accordingly, the number of suspensions depends on the conviction of "any offense." <u>Id.</u>

Next, we analyze the language of the underlying statute to discern whether it creates a separate offense for each individual injured. Here, the statutory violation underlying Licensee's suspension is careless driving, unintentional death in Section 3714 of the Vehicle Code, 75 Pa. C.S. §3714. It provides, in pertinent part:

> (a) General rule.--Any person who drives a vehicle <u>in careless disregard for the safety of person**s**</u> or property is guilty of careless driving, a summary offense.
>
> (b) Unintentional death.--If the person who violates this section <u>unintentionally causes the death of another perso**n**</u> as a result of the violation, the person shall, upon conviction, be sentenced to pay a fine of $500.

<u>Id.</u> (emphasis by underlining and bolding added).

Based on the statutory language, Licensee committed an offense under Section 3714(b) when she "cause[d] the death of <u>another person</u>." <u>Id.</u> (emphasis added). Because Licensee's careless driving resulted in the deaths of two persons, she committed two offenses, each of which forms the basis for a separate conviction,

7

sentence and license suspension. See Tyler (upholding five suspensions when licensee's single accident resulted in injuries to five persons).

Significantly, in making her statutory construction argument, Licensee cites the wrong subsection of Section 3714. Erroneously, she states Section 3714(a) was "the Vehicle Code provision that was violated" and that the violation refers to the plural "**persons**." Appellant's Br. at 5 (emphasis in original) (quoting 75 Pa. C.S. §3714(a)). Although she emphasizes that "this [single criminal episode rule] does not apply when the driver violates a Vehicle Code provision whose language creates a separate offense for each individual person injured," that is precisely what Section 3714(b) of the Vehicle Code does. Appellant's Br. at 4-5.

Moreover, this Court reasoned that charges do not merge when there are injuries to separate victims. See Richards v. Dep't of Transp., Bureau of Driver Licensing, 827 A.2d 575 (Pa. Cmwlth. 2003). Rather, each offense is distinct in that it involves the death of a different person. Id.; see also Com. v. Frisbie, 485 A.2d 1098, 1100 (Pa. 1984) (statutory phrase "another person" indicated that a separate offense is committed for each individual person placed in danger). The death of a different victim, "another person," entails treatment of Licensee's single act of careless driving as two separate offenses because she caused the death of two persons. Tyler.

Further, although license suspension is determined by the language of the violated statute, Licensee overlooks the import of the statutory mechanism for suspension. Here, it is Section 1532(b) of the Vehicle Code.

8

As to suspensions under Section 1532(b), our Supreme Court reasoned that the suspension provision in Section 1532(b) of the Vehicle Code, 75 Pa. C.S §1532(b), mandated that PennDOT suspend the operating privilege of a licensee "for each separate violation" of any offense listed. Strawn, 17 A.3d at 328. Specifically, in construing Section 1532(b), the Court "conclude[d] that each violation of any offense identified in Section 1532(b) will trigger a separate license suspension." Id. It explained: "employing a single criminal episode analysis for [Vehicle Code] violations would, in effect, provide drivers a 'volume discount,' and thereby encourage, rather than discourage, the commission of multiple traffic offenses." Id.

By contrast, based on the statutory language in Section 1532(a), the Court reasoned "the plain language of the statute directs that only a single suspension can be imposed based upon a single criminal episode." Drabic v. Dep't of Transp., Bureau of Driver Licensing, 906 A.2d 1153, 1156 (Pa. 2006), overruled by Bell.

Additionally, Section 1532(b) does not mandate suspension for violations of Section 3714(a), which is the provision Licensee quotes. See Appellant's Br. at 5. Indeed, the suspension is triggered by violations of Section 3714(b) where a licensee's careless driving causes the death of "another person." Id.

This case is most analogous to Tyler. In Tyler, we recognized that pursuant to Section 1532(b) of the Vehicle Code, for moving violations, suspensions must be imposed for each offense or violation. We affirmed the imposition of five consecutive license suspensions based on the five counts of aggravated assault by vehicle, while driving under the influence, when the licensee injured five individuals in a single accident. We reasoned the merger doctrine did not apply when five

9

individuals were injured and the offense was defined as "injury to another person." 75 Pa. C.S. §3735.1 (emphasis added). As such, the licensee's single act which injured more than one individual constituted more than one offense to which a conviction, and later suspension, attached. Id.

As our reasoning in Tyler remains sound, we adopt it here. As in Tyler, Licensee's single act caused the death of multiple persons. Notably, the statutory language in Tyler mirrors that of Section 3714(b) in that it defines an offense as an "injury to another person." Compare 75 Pa. C.S. §3714(b), with 75 Pa. C.S. §3735.1.

Based on applicable case law and our statutory construction, we hold that a suspension must be imposed for each offense or violation. Bell; Strawn; Tyler. Here, Licensee committed two offenses for which she received two convictions when her single act of careless driving killed two persons. Thus, we discern no error by the trial court in upholding PennDOT's imposition of two six-month suspensions here. Accordingly, we deny Licensee's statutory appeal.

### III. Conclusion

For the foregoing reasons, we affirm the trial court's order.

_____
ROBERT SIMPSON, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

A.G.,                                    :
                    Appellant           :
                                         :
          v.                             :     No. 1499 C.D. 2018
                                         :
Commonwealth of Pennsylvania,            :
Department of Transportation,            :
Bureau of Driver Licensing              :

## ORDER

**AND NOW,** this 12th day of September 2019, the order of the Court of Common Pleas of Chester County is **AFFIRMED**.


**AND FURTHER**, the stay of the license suspension is lifted.


_____
ROBERT SIMPSON, Judge